UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JEFF RIVERS-FINNEY,**

    Petitioner,

v.                                                       Case No. 6:10-cv-1145-Orl-35GJK

**SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,**

    Respondents.
_____/

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response (Doc. No. 7) to the petition for writ of habeas corpus. Petitioner filed a reply to the response (Doc. No. 9).

### I.   *Procedural History*

Petitioner was charged by information with four counts of sexual battery (victim less than 12 years of age) (counts one, two, three, and five) and one count of lewd or lascivious molestation (count four). Petitioner entered into a plea agreement in which, among other matters, he agreed to enter pleas of no contest to the lesser included charge of attempted capital sexual battery in counts one and three. The parties agreed to a sentence of imprisonment for a term of ten years, to be followed by seven years of sex offender

probation. The trial court held a hearing on the pleas and ultimately accepted them. On February 15, 2007, the trial court adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a total term of ten years, to be followed by seven years of sex offender probation. Petitioner did not file a direct appeal.

On April 9, 2007, Petitioner filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800 with the state trial court,[1] which was denied on April 19, 2007. Petitioner did not appeal the denial.

On October 4, 2007, Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court, which was denied on February 25, 2008. The state appellate court affirmed the denial *per curiam* on May 13, 2008. Mandate was issued on May 30, 2008.

On December 23, 2008, Petitioner filed a second Rule 3.850 motion with the state trial court, which was denied on February 2, 2009, as successive. Petitioner did not appeal the denial.

On June 29, 2009, Petitioner filed a third Rule 3.850 motion with the state trial court, which was denied on July 29, 2009, as successive. The state appellate court affirmed the denial *per curiam* on September 22, 2009. Mandate was issued on October 14, 2009.

---

[1]Although the motion was actually filed with the trial court on April 12, 2007, under the "mailbox rule," the motion would be deemed filed on April 9, 2007, the date when the motion was submitted to the prison authorities for mailing. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule.

## II. Petitioner's Habeas Petition is Untimely

### A. Legal Standard

Pursuant to 28 U.S.C. § 2244,

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A)   the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### B. Discussion of Petitioner's Case

In the present case, Petitioner did not file a direct appeal, and the time for seeking such review expired 30 days after the judgment of conviction was entered.  *See* Fla. R. App. P. 9.110(b).  Since the judgment of conviction was entered on February 15, 2007, the time for seeking a direct appeal expired on March 19, 2007.[2]  Petitioner then had until

---

[2] The time actually expired on March 17, 2007, which fell on a Saturday.

March 19, 2008, absent any tolling, to file a federal habeas petition regarding such conviction. Petitioner's federal habeas petition was filed on July 30, 2010, under the mailbox rule.

Pursuant to section 2244(d)(2), the one year period is "tolled" for the time during which a properly filed state postconviction or collateral proceeding is pending. When Petitioner filed his Rule 3.800 motion on April 9, 2007, 21 days of the one-year limitation period had run.[3] After those proceedings concluded on May 21, 2007,[4] the one-year period then ran for 136 days until Petitioner filed his first Rule 3.850 motion on October 4, 2007. Those proceedings concluded on May 30, 2008.

The one-year period then ran for another 207 days when Petitioner filed his second Rule 3.850 motion. At that point, 364 days of the one-year limitation period had run. Those proceedings concluded on March 4, 2009, and the one-year period of limitation expired on March 5, 2009.[5] Therefore, Petitioner's habeas petition was not timely filed.

Petitioner argues that his failure to timely file should be excused because the trial court lacked subject-matter jurisdiction to decide his case. However, "there is no exception under AEDPA's statute of limitation for a §2254 claim that the state court lacked subject

---

[3] Contrary to Respondents' assertion, the Rule 3.800 motion did toll the one-year period. *See Wall v. Kholi*, 131 S. Ct. 1278 (2011).

[4] As noted above, Petitioner did not appeal the denial of his Rule 3.800 motion or his second Rule 3.850 motion, and the time for seeking such review expired 30 days after the orders were entered.

[5] The third Rule 3.850 motion did not toll the one-year period since it was filed after the one-year period had expired. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000). ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

matter jurisdiction." *Blackshear v. McDonough*, 2008 WL 2312677, at *3 (M.D. Fla. June 4, 2008); *see also Griffin v. Padula*, 518 F.Supp.2d 671, 677 (D.S.C. 2007) (determining that there is no exception under AEDPA for subject-matter jurisdiction claims); *Johnson v. Jones*, 2006 WL 2092601, at *2 (M.D. Ala. July 27, 2006) (finding that AEDPA's statute of limitation does not contain an exception for jurisdictional issues arising under state law). Consequently, Petitioner has not demonstrated that there is any basis upon which to extend the one-year deadline or that his petition should otherwise be subject to equitable tolling. As a result, the instant petition is dismissed as untimely.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Jeff Rivers-Finney (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 21st day of July 2011.

Copies to:
OrlP-2 7/21
Counsel of Record
Jeff Rivers-Finney

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE